UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-00189-TWP-MG |
| | ) | |
| JOSE A. PRADO-VALERO, | ) | -01 |
| | ) | |
| Defendant. | ) | |

### ENTRY ON DEFENDANT'S MOTION FOR NUNC PRO TUNC ENTRY

This matter is before the Court on Defendant Jose Prado-Valero's ("Prado-Valero") Motion for Nunc Pro Tunc Entry on April 12, 2024, Judgment in a Criminal Case. (Filing No. 28). For the reasons explained below, the motion is **denied**.

From 2016 through 2019, Prado-Valero was an employee at Financial Center First Credit Union. In 2019, he assisted criminal accomplices which allowed them to complete approximately 34 fraudulent Automated Clearing House transfers to themselves out of Financial Center First Credit Union member accounts, in the aggregate amount of approximately $2,078,725.00. Prado-Valero was paid more than $100,000.00 by his accomplices for his role in the execution of this scheme. On April 12, 2024, Prado-Valero pled guilty one count of Financial Institution Fraud and was sentenced to a term of imprisonment of 33 months to be followed by 2 years' supervised release. (Dkt. 25.) The Judgment contains no recommendations from the Court to the Bureau of Prisons, including as to placement. *Id.* at 2.

Prado-Valero requests that the Court make a *nunc pro tunc* entry in the Judgment in his criminal case, which would allow him to be considered by the Bureau of Prisons ("BOP") for immediate alternative placement in a Residential Release Center ("RRC"). (Dkt. 28). He writes

1

that he desires to be considered for immediate transfer to an RRC so that he can work, expedite making restitution payments on his substantial debt, and to assist his family in their current financial hardships. *Id*.

The Government opposes the motion, arguing that the Court does not have legal authority to modify the judgment at this juncture of the proceedings. Specifically, the Government points out that "more than 14 days has elapsed since the April 12, 2024, Judgment was entered", and there is no "arithmetical, technical, or other clear error", which would allow the Court to amend the judgment under Fed. R. Crim. P. 35(a). (Dkt. 31 at 2). The Government also asserts that this is not the type of error that can be corrected under Rule 36. *See United States v. Jones*, 2016 WL 9517423, at *1-2 (N.D. Ill. Nov. 16, 2016) (recommendation that defendant be placed in a halfway house based on developments after sentencing is not error that can be corrected by Rule 36); *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993) (omission of the costs of incarceration and supervision from a judgment is not a clerical mistake subject to Rule 36). *Id*. at 3.

In his Reply, Mr. Prado-Valero asserts that Federal Rule 36 provides the district court authority at any time to amend the Judgment in a criminal case entry as requested by the defense. (Dkt. 32). He argues "[i]t was likely just an oversight or inadvertent omission by Defendant Prado Valero's trial counsel or this Court that recommendations were not made to BOP during the sentencing colloquy of Defendant Prado Valero." *Id*. at 2.

Having reviewed the transcript of the April 12, 2024, sentencing hearing, the Court clarifies that its failure to recommend that Prado-Valero be considered by the BOP for immediate alternative placement in a RRC was not an oversight or inadvertent omission. Even if the Court has the authority to amend the judgment as requested by Prado-Valero, considering the nature and circumstances of the offense, the Court declines to do so. The BOP has the most information and

is in the best position to determine whether and for what amount of time Prado-Valero should be placed in a halfway house. Accordingly, Defendant's Motion for Nunc Pro Tunc Entry, Dkt. [28] is **DENIED**.

    **IT IS SO ORDERED.**

Date: 2/26/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Howard N. Bernstein
THE LAW OFFICE OF HOWARD N. BERNSTEIN, LLC
hbernstein210@comcast.net

Meredith Wood
DOJ-USAO
meredith.wood@usdoj.gov